IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

        Plaintiff,                          No. CIV S-07-1158 LKK KJM P

    vs.

ROBERT WILCOX,

        Defendant.                     <u>FINDINGS & RECOMMENDATIONS</u>

                                 /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

1

1    A court may deny leave to proceed in forma pauperis if it appears from the face of
2 the proposed complaint that the action is frivolous. <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113 (9th
3 Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the
4 complaint's factual allegations and dismiss those claims whose factual contentions are clearly
5 baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

6    Plaintiff alleges that defendant Wilcox, who was his private investigator in his
7 criminal case, neglected to give him the form for filing an appeal, even though the judge had
8 given the form to Wilcox. Because Wilcox never gave plaintiff the form, plaintiff did not appeal
9 his sentence. He asks for damages in the amount of the restitution assessed against him, an
10 amount he would have appealed.

11    Section 1983 provides in relevant part:

> Every person who, under the color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to
> be subjected, any citizen of the United States ... to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> ... shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceedings for redress ...

42 U.S.C. § 1983.

17    To state a claim under § 1983, a plaintiff must plead that the defendant acted
18 under color of state law to deprive him of a federally protected right. <u>Gomez v. Toledo</u>, 446 U.S.
19 635, 640 (1980). A defendant has acted under color of state law when he or she has "exercised
20 power possessed by virtue of state law and made possible only because the wrongdoer is clothed
21 with authority of state law." <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (internal quotation omitted).
22 Generally, private parties do not act under color of state law. See <u>Price v. Hawaii</u>, 939 F.2d 702,
23 707-708 (9th Cir.1991). Defendant was acting as plaintiff's investigator, which is "essentially a
24 private function . . . for which state office and authority are not needed." <u>Polk County v.</u>
25 <u>Dodson</u>, 454 U.S. 312, 319 (1981). Accordingly, because the single named defendant is not a
26 /////

1 state actor for purposes of § 1983 liability, plaintiff's complaint does not state a claim and cannot
2 be cured by amendment.
3       IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma
4 pauperis be denied and the action dismissed.
5       These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED:  November 6, 2007.

_____
U.S. MAGISTRATE JUDGE

15 2
16 harp1158.56